**500**

Harold PAGE, Petitioner,

v.

Ira M. COINER, Warden of the West Virginia State Penitentiary, Respondent.

Civ. A. No. C-68-8-E.

United States District Court
N. D. West Virginia.

April 26, 1968.

No attorney for petitioner.

C. Donald Robertson, Atty. Gen. of West Virginia, Morton I. Taber, Asst. Atty. Gen., Charleston, W. Va., for respondent.

MAXWELL, Chief Judge.

The Petitioner, Harold Page, is serving a life sentence imposed by the Intermediate Court of Kanawha County on January 11, 1954, upon his plea of guilty to armed robbery. Having exhausted the available state remedies, the Petitioner seeks relief in this Court under the provisions of Title 28 U.S.C., Section 2254.

The essence of Petitioner's claim is that he was denied assistance of counsel on November 2, 1953, at his arraignment and on January 11, 1954, at his sentencing. He makes two other claims concerning the life sentence for armed robbery—that it is a cruel and unusual punishment and that he is being denied equal protection and due process of law.

The latter two claims, which deal with the permissibility of this sentence, are without merit. The code section un-

der which he was sentenced provides, in part:

"If any person commit, or attempt to commit, robbery by partial strangulation or suffocation, or by striking or beating, or by other violence to the person, or by the threat or presenting of firearms or other deadly weapon or instrumentality whatsoever, he shall be guilty of a felony, and, upon conviction, shall be confined in the penitentiary not less than ten years. * * * "[1]

The courts have held this statute to be constitutional and that it permits the imposition of a life sentence.[2]

The remaining two grounds, concerning the denial of the assistance of counsel on November 2, 1953, and January 11, 1954, raise factual issues. A hearing was held on these issues in the Circuit Court of Marshall County, West Virginia, on November 1, 1966, and December 2, 1966.

This Court is satisfied that the Petitioner's right to be heard in a full and fair evidentiary hearing, required by Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1962), has been complied with by these state court hearings. In the considered judgment of this Court, all the available evidence necessary for a determination of this matter is presently before the Court on the record and there is no need for an additional hearing here.

Although certain court orders reflect that Petitioner was assisted by counsel, the crux of Petitioner's claim is that these orders are erroneous because he was in fact not assisted by counsel. To support his contentions the Petitioner produced a letter and an affidavit allegedly written by the attorney who was appointed to represent him stating that the attorney had never aided or represented the Petitioner. The Petitioner also submitted the signed statements of his three co-defendants and statements from two other witnesses as to what occurred in the courtroom. There was also a letter and an affidavit from an attorney who was chairman of the legal ethics committee during the period of these proceedings in regard to an inquiry made about the representation provided the Petitioner.

The Respondent, in the hearing, challenged the authenticity of these documents supposedly written by the lawyer appointed to represent the Petitioner, and in general rebutted Petitioner's evidence.

Neither the state trial judge nor the attorney who was appointed to represent the Petitioner testified, the attorney having died a short time after the period in question. Also, there is no transcript of either the arraignment or the sentencing.

After considering all the matters presented, the state court denied the relief sought and remanded the Petitioner to the custody of the Warden of the West Virginia State Penitentiary.

■ This Court in reviewing transcripts of proceedings and records of cases in the state courts must accept the verity of court orders. Particularly in the area of habeas corpus, where this Court is called upon to review a great number of state proceedings, the importance of court orders accurately reflecting the matters which transpired is of vital importance. This is not to minimize other forms of evidence, it is only giving court orders the import they are intended to have. Therefore, this Court believes it must be considered the exceptional case in which court orders cannot be relied upon as accurate chronicles of what took place.

In the instant case the court order for November 2, 1953, states:

"Harold Page, who stands indicted for Felony, was this day set to the bar

---

1. W.Va.Code § 61–2–12 (Michie 1966).

2. See Young v. Boles, 343 F.2d 136 (4th Cir. 1965); State ex rel. Vascovich v. Skeen, 138 W.Va. 417, 76 S.E.2d 283 (1953), cert. denied, 346 U.S. 916, 74 S.Ct. 277, 98 L.Ed. 411; State v. Newman, 108 W.Va. 642, 152 S.E. 195 (1930).

in the custody of the Sheriff, and thereupon for plea in this behalf the defendant in proper person and by E. K. Reyman (sic), his counsel, pleads guilty as the State in Her indictment against him hath alleged. * * * "

On December 3, 1953, the Intermediate Court of Kanawha County entered the following order:

"The Court this day allowed E. K. Reymann, who was appointed to represent Harold Page, the defendant in the above styled case, the sum of Fifty Dollars ($50.00) and it is ordered that the said account be certified to the Auditor for payment out of the State Treasury."

Further corroborating evidence comes in response to a letter of the Petitioner to the State Auditor inquiring as to whether E. K. Reymann had been paid for representing him. The State Auditor replied:

"Dear Sir:

The State paid E. K. Reymann, Attorney the sum of $50.00 in the case State vs. Harold Page by State Warrant No. 208428, dated December 14, 1953."

A member of the firm of which Mr. Reymann was an associate testified " * * and the checks that were made, were payable to E. K. Reymann. Mr. Reymann subsequently endorsed them. I verified this before we came up here."

■ There is substantial evidence, in addition to the court order of November 2, 1953, which indicates that E. K. Reymann represented the Petitioner at his arraignment. Therefore this Court finds that the state court was correct in denying relief on this ground.

The second date in question is the date of sentencing, January 11, 1954. The court order for that day states:

"Harold Page, who stands convicted of Felony, was this day set to the bar in the custody of the Sheriff, and thereupon the Court fixes his punishment to confinement in the Penitentiary of this State for the rest of his natural life. * * * "

■ This court order is silent as to representation by counsel and this fact is significant. It may be noted that the court order awarding E. K. Reymann the statutory fee for representing the Petitioner was entered prior to the date of sentencing. This indicates, to this Court, that the representation of the Petitioner by Mr. Reymann had terminated. While one witness, a state trooper who was in the courtroom the day of the sentencing, testified that the Petitioner was represented by counsel, this Court does not believe this testimony is controlling in the face of the court order. This in no way reflects upon the testimony of the witness. What is involved here is the verity of court orders and that this Court must rely upon them except under extraordinary circumstances. A court order is in effect the court speaking, and if it is silent, this silence must be given some importance, and in the absence of substantial evidence to the contrary will be controlling. In this case this Court believes there is no such substantial evidence.

■■ Therefore, this Court holds the Petitioner's sentencing to be constitutionally impermissible.[3] However, this Court perceives of nothing which invalidates the plea of guilty entered by the Petitioner on November 2, 1953. Therefore, it is this Court's holding that the State must re-sentence the Petitioner in a constitutionally permissible manner.

3. For a relevant discussion see Mempa v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967).