STATE OF CONNECTICUT *v.* GUILLERMO AILLON

## ORDER

PER CURIAM. The defendant is presently confined as the result of an arrest on three separate bench warrants, each issued on a charge of murder in violation of § 53a-54 of the General Statutes. The Superior Court denied his motions for release on bail and he has petitioned this court for a review of those orders denying bail. See Practice Book § 694.

Article first, § 8, of the constitution of Connecticut provides that "[i]n all criminal prosecutions, the accused shall have a right . . . to be released on bail upon sufficient security, except in capital offenses, where the proof is evident or the presumption great." Section 54-53 of the Connecticut General Statutes provides that "[e]ach person detained . . . pursuant to the issuance of a bench warrant or for . . . trial for an offense not punishable by death shall be entitled to bail and shall be released . . . upon entering into a recognizance, with sufficient surety . . . for his appearance before the court having cognizance of the offense."

As we understand the decision of the United States Supreme Court in *Furman* v. *Georgia,* 408 U.S. 238, 92 S. Ct. 2726, 33 L. Ed. 2d 346, rehearing denied, 409 U.S. 902, 93 S. Ct. 89, 90, 34 L. Ed. 2d 163, 164, and interpret the nine opinions of the justices of that court in that case and the mandates of that

court in the cases of *Davis* v. *Connecticut,* 408 U.S. 935, 92 S. Ct. 2856, 33 L. Ed. 2d 750, and *Delgado* v. *Connecticut,* 408 U.S. 940, 92 S. Ct. 2879, 33 L. Ed. 2d 764, the existing Connecticut statutes which provide for imposition of the death penalty are in their present form in violation of the provisions of the United States Constitution. Accordingly, although the accused is held on three charges of murder he is, nevertheless, in the light of the *Furman* decision, not being detained for an offense which is now punishable by death. He is, therefore, pursuant to the express provisions of § 54-53 of the General Statutes, entitled to bail and to release on entering into a recognizance, with sufficient surety, for his appearance before the court having cognizance of the three offenses with which he is charged. As a guide to the purposes and amount of bail in such circumstances, see *State* v. *Menillo,* 159 Conn. 264, 269, 268 A.2d 667.

We are cognizant of the fact that there is pending before the United States Supreme Court a petition for rehearing in the case of *Furman* v. *Georgia,* supra. The procedural rules in that court applying to the *Furman* decision provide that the filing of the petition for rehearing does not affect the finality of that decision. This situation, however, prompts us to state the same caveat noted in the concurring opinion in *Donaldson* v. *Sack,* 265 So. 2d 499, 507 (Fla.): "[I]n the event a different rule should emerge on rehearing in the Supreme Court of the United States, it would then be necessary to re-examine the question here."

We have granted the defendant's three motions to review the orders of the Superior Court denying bail. There is error, each order is set aside and the Supe-

rior Court is directed to grant a new hearing on the defendant's motions for bail to be conducted in conformity with this opinion.

*Howard A. Jacobs,* in support of the petition.

*Jerrold H. Barnett,* assistant state's attorney, in opposition.

Submitted September 25—decided October 6, 1972