THE STATE OF OHIO, APPELLEE, *v.* KELLER, APPELLANT.

(No. 14-76-6—Decided November 5, 1976.)

*Mr. Gary F. McKinley,* prosecuting attorney, for appellee.

*Mr. David F. Allen,* for appellant.

GUERNSEY, J. Defendant Shirley Keller was convicted and sentenced for three counts of assault arising from a series of events occurring at the Ohio Reformatory for Women in which she was then incarcerated. The sentences imposed are to the Union County Jail and are to run consecutively to the prison term which she has been serving.

By reason of the events constituting a basis for her trial and conviction, defendant was also prior thereto subjected to administrative disciplinary measures at the reformatory. Prior to trial defendant moved for a dismissal of all charges against her "for the reason that she has been previously punished for all of such offenses as a result of a previous adjudication by the Ohio Reformatory for Women and the same constitutes double jeopardy or former jeopardy." This motion was overruled by the trial court and defendant now appeals the judgment of

conviction and sentence assigning prejudicial error of the trial court in overruling her motion to dismiss. The issue simply stated is whether prior administrative discipline imposed by prison officials upon a prisoner for violations of prison rules of conduct raises the bar of double jeopardy under the Ohio and United States Constitutions.

This issue has been considered both by the federal courts and the courts of other states and these courts have determined it adversely to the defendant, usually on the basis that the first jeopardy must pertain to the jeopardy of a judicial conviction and not to the punishment dealt out administratively.

The Franklin County Court of Appeals, in three unpublished decisions, has held that prior prison administrative discipline does not bar the prosecution of a statutory offense arising from the same course of conduct upon which the discipline was based. *State* v. *Ferdinand,* Nos. 72AP-301, 72AP-302 and 72AP-337, Decided May 15, 1973; *State* v. *Carter,* No. 73AP-113, decided August 14, 1973 (appeal dismissed); and *State* v. *Hymes,* No. 73AP-445, decided February 12, 1974. In the latter two decisions the Court of Appeals rejected the applicability of *In re Lamb* (1973), 34 Ohio App. 2d 85, wherein the issue pertained to prison administrative discipline subsequent, instead of prior to, conviction.

This court subsequently ruled on this issue in the case of *State* v. *Boggess,* unpublished, Marion County No. 9-74-24, decided April 1, 1975, and without having the decisions of the Franklin County Court of Appeals available to us concluded:

"From this it becomes clear that there is no jeopardy in the constitutional sense unless appropriate legal proceedings [indictment and trial] have been instituted to charge the defendant with any offense. * * * Since the appellant then had never been in jeopardy, he could not, when charged by proper and valid indictment for the first time, be placed in double jeopardy."

In *State* v. *Best* (1975), 42 Ohio St. 2d 530, the Supreme Court held, in paragraph two of the syllabus, that in

order to sustain a plea of former jeopardy it must appear, in addition to three other items therein set forth, that "there was a former prosecution in the same state for the same offense." Prior administrative discipline and the proceedings therefore do not constitute a prosecution for an offense.

For these various reasons we must conclude that administrative sanctions imposed by prison officials upon a prisoner for violations of prison rules of conduct do not raise the bar of double jeopardy barring prosecution of that prisoner for a statutory offense arising from the course of conduct for which the disciplinary measures were taken.

*Judgment affirmed.*

COLE, P. J., and MILLER, J, concur.