STATE OF WEST VIRGINIA

*v.*

CLARENCE DELMAR COLE

(No. 13760)

Decided November 22, 1977.

*Earl W. Weller*, Prosecuting Attorney, for plaintiff in error.

*Robert M. Steptoe*, for defendant in error.

CAPLAN, CHIEF JUSTICE:

In a warrant for a second offense of driving while intoxicated, issued upon the complaint of Harry L. Snow, Clarence Delmar Cole, on July 21, 1971, was charged with operating a motor vehicle while intoxicat-

ed. He was tried, convicted, fined $116.00 and sentenced to imprisonment in the city jail for a period of two days; also, his operator's license was revoked for six months. The second offense refered to in the above warrant occurred on March 13, 1975, it being therein charged that he "again did then and there unlawfully and feloniously operate a motor vehicle upon the streets of the City of Martinsburg, W. Burke Street Parking lot in said County,—while intoxicated and under the influence of intoxicating liquor . . .".

Upon trial of the above charge in a justice of the peace court the defendant was found guilty and was sentenced to a term of six months in the county jail. He thereupon appealed to the Circuit Court in Berkeley County where he moved to quash the warrant. The court, finding that the warrant did not establish an offense under *W. Va. Code*, 1931, 17C-5-2, as amended, and that it did not therefore have jurisdiction to try the defendant, granted the Motion to Quash. The court determined that the public parking lot was not a street or highway as defined by *W. Va. Code*, 1931, 17C-1-35 as amended.

This is an appeal by the State of West Virginia wherein it contends that the trial court erred as follows:

(1) By granting Defendant's Motion to Quash;

(2) By finding that the warrant does not state an offense under *W. Va. Code*, 1931, 17C-5-2; as amended and

(3) By finding that it lacked jurisdiction to try the defendant.

The sole issue on this appeal is whether the charge in the warrant constituted an offense under *W. Va. Code*, 1931, 17C-5-2, as amended. That statute, as it read at the time of the alleged violation, provided:

"(a) It is unlawful . . . for any person who is under the influence of intoxicating liquor to drive any vehicle on any highway of this State . . ."

For the purpose of resolving this issue it is essential to

determine whether the public parking lot where the defendant was arrested is a "highway", as contemplated by *W. Va. Code*, 1931, 17C-5-2, as amended.

As a general rule, words in statutes are taken to have been used in their ordinary sense and acceptation. See *Wilson v. Hix*, 136 W. Va. 59, 65 S.E.2d 717 (1951); *Hereford v. Meek*, 132 W. Va. 373, 52 S.E.2d 740 (1949); *Miners In General Group v. Hix*, 123 W. Va. 637, 17 S.E.2d 810 (1941); and *Slack v. Jacob*, 8 W. Va. 612 (1875). Therefore, as noted in 17 M.J., *Statutes*, § 61, "when one is prosecuted for something made a crime by statute, which had not theretofore been a crime, he has the right to demand that the words there used be given their common acceptation." A highway is defined as "A main road or thoroughfare; hence, a road or way open to the use of the public . . .". Webster's New International Dictionary, 2d Ed. Thus, the defendant has the right to demand that the word, highway, as used in the statute be given its common and ordinary meaning.

The state argues that under the definition of "highway" in *W. Va. Code*, 1931, 17C-1-35, as amended, the public parking lot where the defendant was arrested should be construed as a highway or street. It is well settled in this jurisdiction that penal statutes are strictly construed against the state and favorably for the defendant. *State v. Riley*, ___ W. Va. ___, 215 S.E.2d 460 (1975); *State ex rel. Carson v. Wood*, 154 W. Va. 397, 175 S.E.2d 482 (1970); *Dials v. Blair*, 144 W. Va. 764, 111 S.E.2d 17 (1959); *State v. Pyles*, 86 W. Va. 636, 104 S.E. 100 (1920).

We believe that the statute (17C-5-2) is plain and unambiguous and, under *State v. Riley, supra*, should be applied, not construed. However, even if such statute were found to be ambiguous, it, being a penal statute, must be construed against the state and favorably for the defendant.

The warrant fails to charge an offense and the order of the Circuit Court of Berkeley County quashing such warrant is affirmed.

*Affirmed.*