BILLY RAY CONLEY

*v.*

VERNON DINGESS,

*Sheriff of Logan County*

(No. 14204)

Decided December 12, 1978.

*Valentine, Wilson & Partain, George L. Partain* for relator.

*Chauncey H. Browning,* Attorney General *and Richard L. Gottlieb,* Assistant Attorney General, for respondent.

CAPLAN, CHIEF JUSTICE:

The petitioner was indicted by the grand jury serving the Circuit Court of Logan County on the charge of

robbery by force. Counsel was appointed to assist him and upon trial by a jury he was found guilty and was sentenced to a term of 24 years in the state penitentiary. Shortly after sentence was imposed the petitioner wrote to the court informing it that he had fired his trial counsel and that he desired to hire his own counsel for the purpose of prosecuting an appeal. The record does not reveal that he hired counsel and an appeal was never effected.

Ultimately, on October 9, 1977, the petitioner was returned from the penitentiary to the Circuit Court of Logan County for resentencing for the purpose of reviving the appeal period. On the day of his return to Logan County he escaped from the Logan County Jail and remained at large until he was apprehended five days later. Thereafter, the petitioner was returned to the penitentiary where, because of the escape, he was charged with the violation of institutional rules. Upon his plea of guilty before the disciplinary committee, he was committed to 120 days in administrative segregation.

Subsequently, Billy Ray Conley was indicted in the Circuit Court of Logan County for the offense of escape and was convicted. Pursuant to the recidivist statutes, *W.Va. Code*, 1931, 61-11-18 and 19 he was sentenced to an additional five years. The circuit court has refused to reset his bond, which had been set in the amount of $250,000, and has denied bail pending his appeal. The petitioner contends here that the sentence for escape and the administrative discipline imposed therefor constitute double jeopardy. The petition for appeal of his original conviction has now been filed in this Court.

The petitioner's complaint in relation to the denial of bail is without merit in this case. Bail was requested after conviction for the offense of robbery by force. *W.Va. Code*, 1931, 62-1C-1(b) provides: "Bail may be allowed pending appeal from a conviction for an offense

*not punishable* by death or *life imprisonment.*" (emphasis supplied) In unambiguous language that statute mandates that if an offense is *punishable* (not punished) by life imprisonment, bail will not be allowed pending an appeal from a conviction.

Robbery by "striking or beating, or by other violence to the person", the offense of which this petitioner was convicted, is punishable, under *W.Va. Code*, 1931, 61-2-12 by confinement in the penitentiary "not less than ten years." This minimum term with no maximum designated has been construed by this Court in many decisions to make the offense punishable by life imprisonment. In *State ex rel. Vascovich v. Skeen*, 138 W.Va. 417, 76 S.E. 2d 283, cert. denied, 346 U.S. 916, 74 S. Ct. 277, 98 L. Ed. 411 (1953), the Court said "the trial court has the discretion to impose a minimum sentence, or a sentence of conviction for life in the penitentiary ..." See *State ex rel. Wright v. Boles*, 150 W.Va. 381, 146 S.E. 2d 524 (1966); *State v. Newman*, 108 W.Va. 642, 152 S.E. 195 (1930); *Franklin and Ponto v. Brown*, 73 W.Va. 727, 81 S.E. 405 (1914); *Young v. Boles*, 343 F. 2d 136 (4th Cir. 1965); and *Page v. Coiner*, 283 F. Supp. 500 (N.D. W.Va. 1968).

The legislature, in its wisdom, has mandated that bail shall not be allowed after a conviction for armed robbery. The statute having been held to be constitutional by the above decisions and on numerous other occasions, we cannot question the motives of the legislature. As noted by this Court in *Franklin and Ponto v. Brown*, *supra*, "[R]obbery, from the earliest times, has always been regarded a crime of the gravest character. At common law the punishment for robbery was death ..." We hold, therefore, that the court properly denied bail in this case.

The petitioner contends as a further ground for relief in his petition for habeas corpus that administrative disciplinary action imposed by the penitentiary authorities as a result of his escape and conviction therefor in

the circuit court constitute double jeopardy in violation of his constitutional rights. Our research reveals that this contention of the petitioner is entirely without merit. The decision in *Patterson v. United States*, 183 F. 2d 327 (4th Cir. 1950) reflects the clear majority view in this country. Therein the court said: "Criminal prosecution for the crime of escape is not prohibited under the double jeopardy clause of the fifth amendment because a convict guilty thereof has upon his recapture been subjected to discipline by the prison authorities for the violation of prison discipline involved. In accord: *People v. Eggleston*, 255 Cal. App. 2d 337, 63 Cal. Rptr. 104 (1967); *People v. Bachman*, 50 Mich. App. 682, 213 N.W. 2d 800(1974); *State v. Keller*, 52 Ohio App. 2d 217, 6 O. Ops. 3d 235, 369 N.E. 2d 798 (1976); *State v. Collins*, 115 N.H. 499, 345 A. 2d 162 (1975) and *Gilchrist v. United States*, 427 F. 2d 1132 (5th Cir. 1970). *See* 21 *Am. Jur.* 2d, *Criminal Law*, § 169 wherein the following language is found: "Jeopardy, in a criminal prosecution, signifies the danger of punishment which the defendant incurs when brought to trial before a court of competent jurisdiction ... And a criminal prosecution for prison escape is not barred by a plea of former jeopardy based on disciplinary punishment previously imposed by prison authorities for the same escape." See also 22 *C.J.S.*, *Criminal Law*, § 240.

The doctrine of double jeopardy clearly contemplates two prosecutions for the same offense before a court of competent jurisdiction. It has strict application to criminal prosecution only and is not applicable to civil actions. Disciplinary proceedings such as the one imposed upon this petitioner are civil rather than criminal in nature and do not subject the recipient of such discipline to double jeopardy.

For the reasons stated herein the writ sought is denied.

*Writ denied.*

MILLER, JUSTICE, *dissenting*:

I dissent as to the first syllabus, which I believe mistakenly forbids bail in an area in which the Legislature authorized the courts to exercise discretion.[1]

In *State ex rel. Hutzler v. Dostert,* ___ W.Va. ___, 236 S.E.2d 336, 339 (1977), I set out my views on bail at some length in a concurring. opinion. I will not repeat them here, except to state that our bail statute, W.Va. Code, 62-1C-1, *et seq.*, represents a liberalization of our former bail acts as traced in *Hutzler.*

The critical point here is that W.Va. Code, 62-1C-1(b), authorizes post-conviction bail except for "an offense not punishable by death or life imprisonment." Armed robbery is not expressly made punishable by life imprisonment by the Legislature, since it set the penalty of "not less than ten years."

Our cases admonish that a criminal statute should be strictly construed. *State v. Cole,* ___ W.Va. ___, 238 S.E.2d 849 (1977); *State v. Riley,* ___ W.Va. ___, 215 S.E.2d 460 (1975); *State ex rel. Carson v. Wood,* 154 W. Va. 397, 175 S.E.2d 482 (1970); *Dials v. Blair,* 144 W. Va. 764, 111 S.E.2d 17 (1959); *State v. Pyles,* 86 W. Va. 636, 104 S.E. 100 (1920).

Equally elementary is the line of cases requiring that a remedial statute, such as our bail act, should be liberally construed. *E.g., Reeves v. Ross,* 62 W.Va. 7, 57 S.E. 284 (1907); *see Raynes v. Nitro Pencil Co.,* 132 W.Va. 417, 52 S.E.2d 248 (1949).

It seems to me we invert these principles when we read into the armed robbery statute a legislative intent to require life imprisonment in all cases and distort the remedial aspect of the bail statute. I recognize we have held as a judicial interpretation that it is permissible for

---

[1] Syllabus Point 1 reads:

"Under the provisions of *W.Va. Code,* 1931, 62-1C-1(b) the legislature has mandated that one convicted of an offense punishable by life imprisonment may not be released on bail pending an appeal."

a trial court to impose a life sentence upon a conviction for armed robbery. *State ex rel. Wright v. Boles*, 150 W. Va. 381, 146 S.E.2d 524 (1966). But this is a far cry from holding that the Legislature intended to impose a life sentence standard. All the Legislature has said is that the minimum sentence shall be not less than ten years. This cannot be read to mean that armed robbery shall be punishable by life imprisonment.

In a much more difficult area involving the qualified invalidation of capital punishment, resulting from *Furman v. Georgia*, 408 U.S. 238, 33 L. Ed. 2d 346, 92 S.Ct. 2726 (1972), some state courts have adopted the view that bail is allowable for crimes which were formerly not bailable under statutes precluding bail for capital offenses. *See, e.g., Baumgarner v. State*, 253 Ark. 723, 506 S.W.2d 834 (1972); *State v. Aillon*, 164 Conn. 661, 295 A.2d 666 (1972); *State v. Johnson*, 61 N.J. 351, 294 A.2d 245 (1972); *Edinger v. Metzger*, 32 Ohio App. 2d 263, 61 Ohio Ops. 2d 306, 290 N.E.2d 577 (1972); *Commonwealth v. Truesdale*, 449 Pa. 325, 296 A.2d 829 (1972); *Ex parte Contella*, 485 S.W.2d 910 (Tex. Crim. App. 1972); *see* Annot., 71 A.L.R.2d 453, 471 (1976).

The needless harshness of today's rule means that no matter how egregious the trial error, and no matter what the actual sentence may be, and no matter how many community ties the defendant has, once the sentence is pronounced he will serve it unless, in due course, his appeal works its way through the process and his conviction is reversed. I do not find that the legislative mandate is so clear that we should force this construction on the remedial bail statute.

I am authorized to state that Justice McGraw joins with me in this dissenting opinion.