STATE *ex rel.* RODNEY LEE FAIRCLOTH

*v.*

LYLE S. CATLETT, *Sheriff*

(No. 14820)

Decided July 8, 1980

*Loy, Shingleton & Caryl and William H. Loy,* for relator.

*Chauncey H. Browning,* Attorney General, *Lawrence R. Frail,* Assistant Attorney General, for respondent.

HARSHBARGER, JUSTICE:

We wrote about post-conviction bail for armed robbery defendants in *Conley v. Dingess,* 162 W.Va. 414, 250 S.E.2d 136 (1978). We have reconsidered the question, and overrule *Conley* so far as it is inconsistent with this opinion.

Rodney Lee Faircloth was indicted for aiding and abetting armed robbery. He was released on $5,000 bail before trial. After a jury verdict of guilty, he was sentenced to a term of ten years in the penitentiary, and his court-appointed counsel moved for post-conviction bail pending appeal. The trial court denied the motion, relying on *Conley*'s interpretation that W. Va. *Code,* 62-1C-1(b), prohibited grant of post-conviction bail for persons convicted of armed robbery, inasmuch as they were subject to life imprisonment. (Aiding and abetting armed robbery is punishable to the same extent as is

commission of armed robbery. *Code,* 61-11-6; *State v. C.J.S.,* ___ W.Va. ___, 263 S.E.2d 899 (1980).

In 1965, our Legislature changed the bail statute to include a mandatory right to have bail set before conviction for persons charged with crimes not punishable by death or life imprisonment. *Code* 62-1C-1(a); *State ex rel. Ghiz v. Johnson,* 155 W.Va. 186, 183 S.E.2d 703 (1971). And post-conviction bail rights are in §62-1C-1(b):

> Bail may be allowed pending appeal from a conviction for an offense not punishable by death or life imprisonment.

And in *Conley, supra* 250 S.E.2d, at 137, we held "that if an offense is *punishable* (not punished) by life imprisonment, bail will not be allowed pending an appeal from a conviction."

Our criminal code prescribes punishment for every statutory crime, and with few exceptions, they are punished by indeterminate sentences with specific minimum and maximum years. *Code* 61-11-16; Brown, West Virginia Indeterminate Sentence and Parole Laws, 59 W. Va. L.R. 143 (1957). However, determinate life sentences are required for treason, first-degree murder, kidnapping, and certain offenses by prisoners, *Code* 61-1-2; 61-2-2; 61-2-14a; 62-8-2: these crimes are certainly "punishable by life imprisonment". Armed robbery, some acts of kidnapping, and embezzlement are crimes for which there may be determinate sentences. *Code* 61-2-12; 61-2-14a; 61-3-20.

A convicted robber may be confined to the penitentiary for "not less than ten years." *Code* 61-2-12. An indeterminate sentence for armed robbery is invalid,[1] and imposition of determinate sentences of ten years or more is within the trial court's discretion. *Vascovich v. Skeen,* 138 W.Va. 417, 424, 76 S.E.2d 283 (1953), *cert. denied,* 346 U.S. 916, 74 S.Ct. 277, 98 L.Ed. 411.

---

[1] *State ex rel. Wright v. Boles,* 150 W.Va. 381, 146 S.E.2d 524 1966); *State v. Slider,* 156 W.Va. 653, 196 S.E.2d 85 (1973), Syllabus Point 2; *State v. Chaffin,* 156 W.Va. 264, 192 S.E.2d 728 (1972), Syllabus Point 5.

There is no doubt that a convicted armed robber may be punished by a fixed term of life imprisonment, *Conley v. Dingess, supra,* Syllabus Point 2; but that does not mean that armed robbery is an offense punishable by life imprisonment within the meaning of Code 62-1C-1(b). It is punishable by a term of not less than ten years, which may be any number of years from ten to life. The Legislature chose not to deprive trial courts of discretion to determine the appropriate specific number of years of punishment for armed robbery, beyond ten.

The structural differences in the statutory language setting punishments for crimes that are punishable by confinement for life, and the armed robbery statute; the rule that criminal statutes must be strictly construed, *State v. Cole,* 160 W.Va. 804, 238 S.E.2d 849 (1977), *State v. Riley,* 158 W.Va. 823, 215 S.E.2d 460 (1975), *State ex rel. Carson v. Wood,* 154 W.Va. 397, 175 S.E.2d 482 (1970), *Dials v. Blair,* 144 W.Va 764, 111 S.E.2d 17 (1959), *State v. Pyles,* 86 W.Va. 636, 104 S.E. 100 (1920); and our remedial bail statute, prompt us to conclude that unless a term of life imprisonment has been *imposed* by a court upon a convicted armed robber, a trial judge has the discretion to grant post-conviction bail.[2]

We remand the action to the Circuit Court to determine whether bail should be allowed.

*Writ granted as moulded.*

CAPLAN, JUSTICE *dissenting:*

I respectfully but firmly disagree with the majority wherein it, with complete disregard for the plain language of W.Va. *Code,* 1931, 62-1C-1(b), as amended, held that one convicted of armed robbery may be released on bond pending an appeal.

The above statute, in clear and unambiguous language, provides that bail may be available "pending ap-

---

[2] *See State ex rel. Hutzler v. Dostert,* ____ W. Va. ____, 236 S.E.2d 336, 339 (Miller, J., concurring); *Conley, supra* 250 S.E.2d, at 138 (Miller, J., dissenting).

peal from a conviction for an offense *not punishable* by death or *life imprisonment.*" (emphasis supplied)

"Punished" implies the infliction of some penalty on a wrongdoer while "punishable" connotes punishment to which he is liable or deserving under the law. Webster's New World Dictionary.

This Court has held in several decisions that one is liable to or punishable by life imprisonment for armed robbery. (As noted by the majority, "Aiding and abetting armed robbery is punishable to the same extent as is commission of armed robbery.") See *State ex rel. Wright v. Boles*, 150 W.Va. 381, 146 S.E. 2d 524 (1966); *State ex rel. Vascovich v. Skeen*, 138 W.Va. 417 (1953), 76 S.E. 2d 283, cert. denied 346 U.S. 916, 98 L.Ed. 411, 74 S.Ct. 277 (1953), *State v. Newman*, 108 W.Va. 642, 152 S.E. 195 (1930); *Franklin and Ponto v. Brown*, 73 W.Va. 727, 81 S.E. 405 (1914); *Young v. Boles*, 343 F. 2d 136 (CA4 1965); and *Paige v. Coiner*, 283 F. Supp. 500 (N.D. W.Va. 1968).

The above statute's language being clear, there is no need for interpretation, only application. While I perhaps have joined in judicial legislation on occasion, I have not, to my knowledge, aided or abetted in legislating in a manner directly contrary to clear statutory language. Here, in my opinion, the majority has legislated and has substituted its own language—"punished" for "punishable"—contrary to clear and unambiguous language.

I am authorized to say that Chief Justice Neely concurs in the views expressed in this dissenting opinion and joins therein.