350 S.E.2d 696

**STATE of West Virginia**

v.

**Marc TURLEY.**

**No. 16847.**

Supreme Court of Appeals of West Virginia.

Nov. 13, 1986.

James B. Lees, Jr., Preiser & Wilson, Charleston, for appellant.

Atty. Gen. Charlie Brown and Asst. Atty. Gen. Mary Rich Maloy, Charleston, for appellee.

McHUGH, Justice:

In this appeal we are presented the narrow question of whether the trial court erred in concluding that it did not have jurisdiction under the youthful offender statute to suspend the sentence of a person, qualified by age, convicted of or having pleaded guilty to aggravated robbery and to commit that person to a youthful offender center for a period not exceeding two years. We hold that the trial court did so err and remand for the trial court to exercise its sound discretion in this matter.

I

The defendant, Marc Turley, was indicted by the Kanawha County grand jury in January, 1984, on two counts of aggravated robbery. The indictment alleged that the appellant committed the acts while "armed with a dangerous and deadly weapon, to-wit, a pistol." The defendant was 18 years old at the time of the alleged offenses in July, 1983.

In August, 1984, pursuant to a plea agreement with the Kanawha County Prosecuting Attorney, the defendant entered a plea of guilty to count I of the indictment. Pursuant to the plea agreement, the prosecutor moved to dismiss count II of the indictment and made no recommendation to the trial court (the Circuit Court of Kanawha County) as to a particular sentence. The trial court in August, 1984, accepted the defendant's plea of guilty to count I of the indictment and dismissed count II of the indictment. The trial court expressly found on the record that the defendant had used a pistol in the commission of the crime to which he had pleaded guilty.

In January, 1985, the defendant was sentenced to the state penitentiary for a determinate term of ten years. He is presently

serving his sentence in the state penitentiary.

The appellant filed this appeal of the trial court's determination that it had no authority to suspend the appellant's sentence and to commit him to a youthful offender center, pursuant to *W.Va.Code*, 25–4–6 [1975], because the appellant had pleaded guilty to aggravated robbery, a criminal offense punishable by life imprisonment by decisions of this Court.

## II

*W.Va.Code*, 25–4–6 [1975] provides that a trial court may suspend the imposition of sentence of any youth convicted of or pleading guilty to a criminal offense, other than an offense punishable by life imprisonment, who has attained his or her sixteenth birthday but has not reached his or her twenty-first birthday at the time of the commission of the crime, and commit the youthful offender to a youthful offender center for a period of not more than two years. Upon the completion of his or her period of confinement in such a center, the youthful offender is returned to the jurisdiction of the committing court and such court must immediately place the offender on "probation," unless such offender has proven to be unfit to remain in such a center and, therefore, has not satisfactorily completed the center training program, in which case the court may place the offender on "probation" or impose sentence.[1]

Under *W.Va.Code*, 61–2–12 [1961], a person convicted of committing or attempting to commit aggravated robbery "shall be confined in the penitentiary not less than ten years."[2] This particular statute thus imposes a minimum, but not an expressly stated maximum, sentence of confinement for conviction of this offense. This Court and the federal courts have, though, held, or recognized that the legislature, by not expressly fixing a maximum term, has *impliedly* authorized life imprisonment as the maximum penalty for aggravated robbery for the purpose of sentencing. *See State v.*

1. *W.Va.Code*, 25–4–6 [1975] contains the following language:

   The judge of any court with original criminal jurisdiction may suspend the imposition of sentence of any male youth convicted of or pleading guilty to a criminal offense, *other than an offense punishable by life imprisonment* [emphasis added], who has attained his sixteenth birthday but has not reached his twenty-first birthday at the time of the commission of the crime, and commit him to the custody of the West Virginia commissioner of public institutions [now, the commissioner of corrections under *W.Va.Code*, 25–1–1 [1977]] to be assigned to a center. The period of confinement in the center shall be for a period of six months, or longer if it is deemed advisable by the center superintendent, but in any event such period of confinement shall not exceed two years. If, in the opinion of the superintendent, such male · offender proves to be an unfit person to remain in such a center, he shall be returned to the court which committed him to be dealt with further according to law. In such event, the court may place him on probation or sentence him for the crime for which he has been convicted. In his discretion, the judge may allow the defendant credit on his sentence for time he has spent in the center.

   When, in the opinion of the superintendent, any boy has satisfactorily completed the center training program, such male offender shall be returned to the jurisdiction of the court which originally committed him. He shall be eligible for probation for the offense with which he is charged, and the judge of the court shall immediately place him on probation. In the event his probation is subsequently revoked by the judge, he shall be given the sentence he would have originally received had he not been committed to the center and subsequently placed on probation. The court shall, however, give the defendant credit on his sentence for the time he spent in the center.

   . . . .

   In syllabus pt. 4, *Flack v. Sizer*, 174 W.Va. 79, 322 S.E.2d 850 (1984), this Court held that "W.Va.Code, 25–4–1, *et seq.*, is to be applied in a gender-neutral fashion that will give both males and females the opportunity to be sentenced as youthful offenders under its terms."

2. The language of *W.Va.Code*, 61–2–12 [1961] relating to aggravated robbery is as follows:

   If any person commit, or attempt to commit, robbery by partial strangulation or suffocation, or by striking or beating, or by other violence to the person, or by the threat or presenting of firearms, or other deadly weapon or instrumentality whatsoever, he shall be guilty of a felony, and, upon conviction, shall be confined in the penitentiary not less than ten years.

   We first denominated this type of robbery as "aggravated" in *State v. Harless*, 168 W.Va. 707, 711, 285 S.E.2d 461, 464 (1981).

*Cooper*, 172 W.Va. 266, 270, 304 S.E.2d 851, 854–55 (1983); *Thomas v. Leverette*, 166 W.Va. 185, 189–90, 273 S.E.2d 364, 367 (1980); *State ex rel. Faircloth v. Catlett*, 165 W.Va. 179, 180–81, 267 S.E.2d 736, 737 (1980); *Conley v. Dingess*, 162 W.Va. 414, 416, 250 S.E.2d 136, 137 (1978), and the cases cited therein, *overruled on another point, State ex rel. Faircloth v. Catlett*, 165 W.Va. 179, 179, 267 S.E.2d 736, 736 (1980).

Nonetheless, for other crimes the legislature has *expressly* provided for life imprisonment as the penalty or the maximum penalty. See, for example, *W.Va.Code*, 61–1–2 [1965] (treason), *W.Va.Code*, 61–2–2 [1965] (murder of the first degree), *W.Va. Code*, 61–2–14a [1965] (kidnapping involving bodily harm), *W.Va.Code*, 62–8–2 [1965] (certain offenses by convicts).

Noting the structural difference in the statutory language in these other criminal penalty provisions as compared with that used in the aggravated robbery statute, this Court has held that aggravated robbery is not "punishable" by life imprisonment for the purpose of eligibility for post-conviction bail under *W.Va.Code*, 62–1C–1(b) [1965, 1983], so that, unless the convicted person has been sentenced to a life imprisonment term for aggravated robbery, he or she is eligible for post-conviction bail. *State ex rel. Faircloth v. Catlett*, 165 W.Va. 179, 267 S.E.2d 736 (1980), *overruling Conley v. Dingess*, 162 W.Va. 414, 250 S.E.2d 136 (1978). Similarly, in *Thomas v. Leverette*, 166 W.Va. 185, 273 S.E.2d 364 (1980), *overruling Lycans v. Bordenkircher*, 159 W.Va. 137, 222 S.E.2d 14 (1975), we noted again the lack of express provision for a life term for aggravated robbery and held that aggravated robbery is not a "capital offense" for the purpose of *W.Va.Code*, 49–5–3 [1975], excluding from the juvenile jurisdiction of the circuit court juveniles charged with the commission of acts which would be "capital offenses" (punishable by death or life imprisonment) if committed by an adult.[3]

■ An important elementary principle which is applicable here is that a criminal statute must be strictly construed. "Penal statutes must be strictly construed against the State and in favor of the defendant." Syl. pt. 3, *State ex rel. Carson v. Wood*, 154 W.Va. 397, 175 S.E.2d 482 (1970). *See also Ray v. Mangum*, 176 W.Va. 534, 536, 346 S.E.2d 52, 54 (1986); syl. pt. 1, *State v. Carper*, 176 W.Va. 309, 342 S.E.2d 277 (1986), and the several cases cited at page 280. In *Myers v. Murensky*, 162 W.Va. 5, 245 S.E.2d 920 (1978), *overruled on another point*, syl. pt. 2, *State v. Myers*, 171 W.Va. 277, 298 S.E.2d 813 (1982), the Court elaborated on this point:

> The Court is not at liberty to consider the intent or purpose of a criminal statute to the extent possible in other areas of the law where the Legislature's intent is not precisely expressed.... 'It [the penal statute] does not apply to a thing within its spirit, and not within its letter.'

162 W.Va. at 8–9, 245 S.E.2d at 922 (citation omitted).

Moreover, the legislature has authorized the courts to consider special treatment of youthful offenders, and this policy should be followed unless expressly foreclosed by the legislature. The legislature could foreclose eligibility for youthful offender treatment by expressly providing in the aggravated robbery statute for a maximum sentence of life imprisonment. Until it does so, we will not infer such an intent to thwart the obvious purpose of the legislature to treat most youthful offenders in a special manner, with the overriding concern

---

**3.** See *W.Va.Code*, 49–5–10(d) [1978] for the current equivalent of *W.Va.Code*, 49–5–3 [1975]. The current version sets forth, by category, the types of offenses for which juvenile jurisdiction may be waived and the proceeding transferred to the criminal jurisdiction of the court. Aggravated robbery is expressly included in the current *Code*, 49–5–10(d)(1), as an offense for which transfer to criminal jurisdiction is authorized.

We note that the legislature has not amended the aggravated robbery statute after *Faircloth* and *Thomas, supra*, to provide expressly that the maximum penalty for an aggravated robbery conviction is life imprisonment. In the absence of contrary legislative resolution, we will in this case follow existing precedents under the principle of *stare decisis*.

being reformation or rehabilitation of such offenders.[4]

■ The State in this case argues that two provisions of the general probation statute indicate that a person convicted of aggravated robbery, especially one who has used a firearm, is not eligible for youthful offender treatment under *W.Va. Code*, 25–4–1 [1955], *et seq.*[5]

■ First, *W.Va.Code*, 62–12–2(a) [1981, 1986] provides in pertinent part that "[a]ll persons ... who are found guilty of or plead guilty to any felony, the maximum penalty for which is less than life imprisonment, ..., shall be eligible for probation, ..." The State argues that a person convicted of aggravated robbery is not eligible for probation because aggravated robbery is punishable by life imprisonment by court decisions, as discussed earlier in this opinion. We conclude that this argument is without merit, for, as discussed earlier in this opinion, aggravated robbery is not expressly by statute punishable by life imprisonment, and penal statutes must be strictly construed. Furthermore, probation statutes are remedial in nature and are to be liberally construed in favor of the defendant. *State v. Wotring*, 167 W.Va. 104, 118, 279 S.E.2d 182, 192 (1981); *State ex rel. Hanley v. Hey*, 163 W.Va. 103, 106, 255 S.E.2d 354, 355, *cert. denied*, 444 U.S. 928, 100 S.Ct. 269, 62 L.Ed.2d 185 (1979). This Court stated this proposition in the following manner in *State ex rel. Simpkins v. Harvey*, 172 W.Va. 312, 305 S.E.2d 268 (1983): "[T]he Legislature has granted trial courts discretion to consider probation in any case where [certain statutory language authorizes the same and] no specific statutory language forbids probation, ..." 172 W.Va. at 312–320, 305 S.E.2d at 276.

Second, the State also argues that *W.Va. Code*, 62–12–2(b) [1981, 1986] precludes eligibility for youthful offender treatment under *W.Va.Code*, 25–4–1 [1955], *et seq.*, when, as here, the convicted person has "commit[ted] or attempt[ed] to commit a felony with the use, presentment or brandishing of a firearm[.]" Again, we conclude that this argument is without merit. "The general rule of statutory construction requires that a specific statute be given precedence over a general statute relating to the same subject matter where the two cannot be reconciled." Syl. pt. 1, *UMWA by Trumka v. Kingdon*, 174 W.Va. 330, 325 S.E.2d 120 (1984). *Accord, Manchin v. Dunfee*, 174 W.Va. 532, 534, 327 S.E.2d 710, 712 (1984); *State ex rel. Simpkins v. Harvey*, 172 W.Va. 312, 317, 305 S.E.2d 268, 273 (1983). In the present case, the more specific treatment of the subject of probation as it relates to youthful offenders, as set forth in *W.Va.Code*, 25–4–1 [1955], *et seq.*, must be given precedence over the general probation statute, including *W.Va.Code*, 62–12–2(b) [1981, 1986].[6]

4. The purpose of the youthful offender statute is set forth in *W.Va.Code*, 25–4–1 [1955]:
   The purpose of this article is to provide appropriate facilities for the housing of youthful ... offenders convicted of or pleading guilty to violation of law before courts with original jurisdiction or juvenile courts, who are amenable to discipline other than in close confinement; to secure a better classification, and segregation of such persons according to their capabilities, interests, and responsiveness to control and responsibility; to reduce the necessity of expanding the existing grounds and housing facilities for the confinement of such persons, and to give better opportunity to youthful offenders for reformation and encouragement of self-discipline.
   The purpose of reformation of the youthful offender other than in close confinement is consistent with the general goal of probation: "The great desideratum was the giving to young and new violators of law a chance to reform and to escape the contaminating influence of associa-

tion with hardened or veteran criminals in the beginning of the imprisonment." *United States v. Murray*, 275 U.S. 347, 357, 48 S.Ct. 146, 149, 72 L.Ed. 309, 313 (1928).

5. The youthful offender statute and the general probation statute, both involving the subject matter of probation, are to be read and considered together. *State ex rel. Simpkins v. Harvey*, 172 W.Va. 312, 316–317, 305 S.E.2d 268, 272–73 (1983), and *State v. Reel*, 152 W.Va. 646, 651, 165 S.E.2d 813, 816 (1969).

6. This Court has set forth the general factors to be considered in deciding whether to sentence a person as a youthful offender:
   [O]ur holding should not deter the appropriate exercise of discretion by a sentencing judge. The determination of fitness for treatment as a youthful ... offender should be predicated on factors relating to the subject's background and his [or her] rehabilitation

■ Accordingly, we hold that a person who has attained his or her sixteenth birthday but has not reached his or her twenty-first birthday at the time of the commission of the crime and who is convicted of or pleads guilty to aggravated robbery is eligible for suspension of sentence and commitment to a youthful offender center under *W.Va.Code*, 25-4-6 [1975].

■ For the reasons stated in this opinion we reverse the ruling of the trial court and remand this case for the trial court to exercise sound discretion as to whether the appellant should be sentenced as a youthful offender.

Reversed and remanded.

prospects. Of necessity, the decision to treat a person as a youthful ... offender is based on the fact that he [or she] will benefit and respond to the rehabilitative atmosphere of a detention center. *State v. Hersman*, 161 W.Va. 371, 376, 242 S.E.2d 559, 561 (1978). The sentencing court may consider the fact that the youthful offender used, presented or brandished a firearm in the commission or attempted commission of the felony of which he or she was convicted, as it is one of the "factors relating to the subject's background and his [or her] rehabilitation prospects." *Id.*