**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**FILED**

**March 16, 2021**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.) No. 19-1073** (Webster County 18-F-20)

**Kenneth Lynn Linkous,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Kenneth Lynn Linkous, by counsel Andrew Chattin, appeals the October 24, 2019, sentencing order of the Circuit Court of Webster County imposing multiple concurrent terms of incarceration. Respondent State of West Virginia, by counsel Mary Beth Niday, filed a response in support of the circuit court's order.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On February 28, 2018, petitioner entered the residence of his brother-in-law, Roy Potter ("victim"), without permission. Inside the victim's residence, petitioner stole a head light lamp ("lamp") and $60 from the victim's wallet. On March 1, 2018, petitioner returned to the victim's residence and attempted to sell the victim the lamp petitioner had stolen from the victim the previous day. An altercation ensued over possession of the lamp. When the victim had the lamp in his hands, he attempted to shut the door of his residence. Petitioner prevented the victim from closing the door and struck him multiple times with a board. The victim suffered injuries to his head and hands. Petitioner then took the lamp from the victim and stole the victim's wallet, containing the victim's driver's license and approximately $280.

On May 1, 2018, petitioner was indicted in the Circuit Court of Webster County on one

1

count of first-degree robbery, one count of malicious assault, one count of assault during the commission of a felony, one count of daytime burglary, two counts of petit larceny, and one count of fleeing by means other than a vehicle.[1] In August of 2019, the circuit court held petitioner's jury trial. At the close of evidence, the State moved to dismiss the count alleging assault during the commission of a felony, and the circuit court dismissed that count. All other counts were submitted to the jury. The jury acquitted petitioner of both counts of petit larceny, but found him guilty of first-degree robbery, unlawful assault as a lesser included offense of malicious assault, daytime burglary, and fleeing by means other than a vehicle.

The presentence investigation report disclosed that petitioner was thirty-nine years old at the time of the subject offenses and had a substantial history of misdemeanor crimes, including a guilty plea for disorderly conduct, two no contest pleas for obstructing an officer, and a prior conviction for assault. At an October 2, 2019, sentencing hearing, petitioner and petitioner's counsel each addressed the circuit court with regard to sentencing. Thereafter, the circuit court found that "[p]robation or any other alternative sentence is contrary to the fair administration of justice." The circuit court further found that petitioner "committed a crime of violence," for which he "failed to accept any responsibility." Accordingly, the circuit court sentenced petitioner to the following terms of incarceration: twenty years for first-degree robbery, one to five years for unlawful assault, one to fifteen years for daytime burglary, and one year for fleeing by means other than a vehicle. The circuit court ordered that "[t]hese sentences are to run concurrent with one another." On November 5, 2019, petitioner filed a motion for reduction of sentence. Following a hearing, the circuit court denied the motion by order entered on February 10, 2020. In that order, the circuit court found that it "could have given [petitioner] a significantly greater sentence." The circuit court stated that in imposing a twenty-year concurrent sentence on petitioner, it considered petitioner's substantial "misdemeanor history" and the familial "relationship between [petitioner] and the victim."

Petitioner now appeals the circuit court's October 24, 2019, sentencing order. This Court "reviews sentencing orders . . . under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands." Syl. Pt. 1, in part, *State v. Lucas*, 201 W. Va. 271, 496 S.E.2d 221 (1997). We have further held that "[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review." Syl. Pt. 4, *State v. Goodnight*, 169 W. Va. 366, 287 S.E.2d 504 (1982).

On appeal, petitioner argues that this Court should reverse the circuit court's sentencing order and remand this case for resentencing. The State counters that the circuit court's sentencing order should be affirmed. We agree with the State.

Petitioner first argues that the circuit court should have suspended his terms of incarceration in favor of alternative sentencing. "The decision of a trial court to deny probation will be overturned only when, on the facts of the case, that decision constituted a palpable abuse of discretion." Syl. Pt. 2, *State v. Shafer*, 168 W. Va. 474, 284 S.E.2d 916 (1981). In imposing

---

[1]The indictment alleged that petitioner attempted to flee from arrest on March 1, 2018.

multiple terms of incarceration upon petitioner, the circuit court found that "[p]robation or any other alternative sentence is contrary to the fair administration of justice." The circuit court noted (1) petitioner's substantial "misdemeanor history," which included a prior conviction for assault; (2) the familial "relationship between [petitioner] and the victim"; and (3) petitioner's commission of "a crime of violence," for which he "failed to accept any responsibility." Here, the record establishes that petitioner, a man with a longstanding history of misdemeanor crimes, went to the victim's residence the day after taking a lamp from the victim and attempted to sell the victim his own lamp. An altercation ensued over the possession of the lamp and ultimately led to petitioner striking the victim, a member of petitioner's extended family, multiple times with a board, causing injury to the victim's head and hands. After striking the victim, petitioner then took the lamp from the victim and stole the victim's wallet. Based upon these facts and circumstances, we conclude that the circuit court did not abuse its discretion in denying petitioner's request to suspend his terms of incarceration in favor of alternative sentencing.

Petitioner further argues that the imposition of a sentence of twenty years of incarceration for his multiple convictions violated the proportionality principle set forth in Article III, Section 5 of the West Virginia Constitution. The circuit court ordered that petitioner's "sentences . . . run concurrent with one another"; accordingly, petitioner is effectively serving a single twenty-year term for his first-degree robbery conviction. Because West Virginia Code § 61-2-12(a) does not set a maximum term for first-degree robbery,[2] proportionality review pursuant to Article III, Section 5 of the West Virginia Constitution is available to petitioner.[3]

Pursuant to this Court's decision in *State v. Cooper*, 172 W. Va. 266, 304 S.E.2d 851 (1982), "there are two tests to determine whether a sentence is so disproportionate to a crime that it violates our constitution." *Id.* at 272, 304 S.E.2d at 857. As we explained in *Cooper*,

---

[2]West Virginia Code § 61-2-12(a)(1) provides, in pertinent part, that "[a]ny person who commits or attempts to commit robbery by: (1) [c]ommitting violence to the person, including, but not limited to . . . beating . . . is guilty of robbery in the first degree and, upon conviction thereof, shall be imprisoned in a state correctional facility not less than ten years."

[3]In Syllabus Points 3 and 4 of *Wanstreet v. Bordenkircher*, 166 W. Va. 523, 276 S.E.2d 205 (1981), we held:

"Article III, Section 5 of the West Virginia Constitution, which contains the cruel and unusual punishment counterpart to the Eighth Amendment of the United States Constitution, has an express statement of the proportionality principle: 'Penalties shall be proportioned to the character and degree of the offence.'" Syllabus Point 8, *State v. Vance*, [164] W.Va. [216], 262 S.E.2d 423 (1980).

While our constitutional proportionality standards theoretically can apply to any criminal sentence, they are basically applicable to those sentences where there is . . . no fixed maximum set by statute . . . .

3

The first [test] is subjective and asks whether the sentence for the particular crime shocks the conscience of the court and society. If a sentence is so offensive that it cannot pass a societal and judicial sense of justice, the inquiry need not proceed further. When it cannot be said that a sentence shocks the conscience, a disproportionality challenge is guided by the objective test we spelled out in Syllabus Point 5 of *Wanstreet v. Bordenkircher*, 166 W.Va. 523, 276 S.E.2d 205 (1981):

> In determining whether a given sentence violates the proportionality principle found in Article III, Section 5 of the West Virginia Constitution, consideration is given to the nature of the offense, the legislative purpose behind the punishment, a comparison of the punishment with what would be inflicted in other jurisdictions, and a comparison with other offenses within the same jurisdiction.

*Id.*

With regard to the subjective test, "[i]n making the determination of whether a sentence shocks the conscience, we consider all of the circumstances surrounding the offense." *State v. Adams*, 211 W. Va. 231, 233, 565 S.E.2d 353, 355 (2002). Based on our review of the factors addressed by the circuit court, we find that it does not shock the conscience of the Court and society for petitioner to serve a twenty-year term of incarceration in a case where he was convicted of multiple offenses after he beat his brother-in-law with a board in order to steal a lamp and approximately $280.

With regard to the objective test, we have stated:

The first consideration of the objective test is the nature of the offense for which the appellant was convicted and the legislative purpose behind the statutory punishment. As we just noted, the crime for which the appellant was convicted was certainly of a violent nature. In addition, we have previously observed that "[a]ggravated robbery in West Virginia has been recognized as a crime that involves a high potentiality for violence and injury to the victim involved." *State v*[.] *Ross*, 184 W.Va. 579, 582, 402 S.E.2d 248, 251 (1990). As a result, the Legislature has provided circuit courts with broad discretion in sentencing individuals convicted of aggravated robbery or attempted aggravated robbery. In fact, "'[t]he Legislature chose not to deprive trial courts of discretion to determine the appropriate specific number of years of punishment for armed robbery, beyond ten.'" *State v. Woods*, 194 W.Va. 250, 254, 460 S.E.2d 65, 69 (1995) [(]quoting *State ex rel. Faircloth v. Catlett*, 165 W.Va. 179, 181, 267 S.E.2d 736, 737 (1980)[)].

*State v. Williams*, 205 W. Va. 552, 555, 519 S.E.2d 835, 838 (1999). In *Williams*, this Court considered sentences for robbery that were upheld in numerous jurisdictions to find that "[g]iven the offenses involved in the cases cited above, and in light of the respective sentences imposed,

4

we believe that the appellant's sentence in the case *sub judice* is constitutionally proportionate to the character and degree of the offense for which she was convicted." *Id.* at 558, 519 S.E.2d at 841. Applying the principles set forth in *Williams* to the facts of this case, including that petitioner's sentences were ordered to run concurrent to each other, we conclude that his twenty-year term of incarceration is constitutionally proportionate to the character and degree of the offenses for which he was convicted. Therefore, we find no error in the circuit court's October 24, 2019, sentencing order.[4]

For the foregoing reasons, we affirm the circuit court's October 24, 2019, sentencing order.

Affirmed.

**ISSUED:** March 16, 2021

**CONCURRED IN BY:**

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton

---

[4]Petitioner also argues that his conviction for first-degree robbery is undermined by his acquittal on both of the counts of petit larceny. *But see* W. Va. Code § 61-2-12(a)(1) (providing, in pertinent part, that "[a]ny person who commits *or attempts to commit robbery* by: (1) [c]ommitting violence to the person, including, but not limited to, . . . beating . . . is guilty of robbery in the first degree") (Emphasis added.). We decline to address this argument pursuant to Syllabus Point 5 of *State v. Bartlett*, 177 W. Va. 663, 355 S.E.2d 913 (1987), in which we held that "[a]ppellate review of a claim of inconsistent verdicts is not generally available." (Internal quotations and citations omitted).