STATE OF WEST VIRGINIA
SUPREME COURT OF APPEALS

**FILED**

**March 16, 2021**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.) No. 19-1017** (Berkeley County 11-F-245)

**Jennifer Barnhart,**
**Defendant Below, Petitioner**

# MEMORANDUM DECISION

Petitioner Jennifer Barnhart, by counsel Stephanie E. Scales-Sherrin, appeals the October 7, 2019, order of the Circuit Court of Berkeley County resentencing petitioner for the purpose of allowing her to exercise her right to appeal. Respondent State of West Virginia, by counsel Andrea Nease Proper, filed a response in support of the circuit court's order.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner has a history of drug addiction and minor crimes. In 2011, petitioner was dating Brian Shamburg whose cousin, Ronald Shamburg, was performing manual labor at the home of Howard Strauss ("victim"). The three associates devised a plan to rob the victim. Petitioner was to knock on the victim's door feigning a need for assistance. Once the victim opened the door, he would be robbed. On July 13, 2011, when the victim opened the door to his residence, petitioner pushed the door back against the victim, knocking him to the floor. Once the victim was on the floor, all three defendants kicked, beat, and tasered him multiple times. The victim suffered permanent injuries from the attack, such as numbness on the left side of his face.

Petitioner disputed the victim's account that she participated in the physical attack against him. However, the victim's recollection of the attack is supported by the testimony of Ronald

Shamburg, who, at his plea hearing, stated that ". . . [petitioner] hit [the victim] a couple times, but she was really kicking him. Like I remember—all I remember is she was kicking him a lot in the face and stuff like that." After brutally attacking the victim, the defendants took his wallet, cash, and cell phone in order to prevent him from summoning assistance. The victim was able to crawl to his vehicle and drive himself to a hospital.

In separate criminal cases filed in the Circuit Court of Berkeley County, each defendant pled guilty to first-degree robbery, conspiracy to commit robbery, and malicious assault pursuant to a plea agreement with the State. The circuit court imposed consecutive sentences of incarceration in each defendant's case: forty years for first-degree robbery; one to five years for conspiracy to commit robbery; and two to ten years for malicious assault. By sentencing order entered on May 7, 2012, the circuit court denied petitioner's request "for a shorter sentence, concurrency, or alternative sentencing . . . because of the severity of the crimes and the needless use of the violence upon the victim." Petitioner did not appeal the circuit court's May 7, 2012, sentencing order.

On March 3, 2017, petitioner filed a petition for a writ of habeas corpus in the circuit court. The circuit court appointed habeas counsel who filed an amended habeas petition on July 23, 2018. In the amended habeas petition, petitioner alleged that (1) her consecutive sentences were unconstitutionally disproportionate to her offenses; (2) trial counsel was ineffective by leading petitioner to believe that she would be given a concurrent sentence of ten years of incarceration; and (3) no appeal was filed from the circuit court's May 7, 2012, sentencing order despite petitioner's request that an appeal be filed. By order entered on June 25, 2019, the circuit court denied the amended petition.[1]

On August 1, 2019, the parties filed a joint motion asking the circuit court to reconsider its denial of the amended habeas petition and hold an evidentiary hearing as to whether petitioner expressed a desire to appeal the May 7, 2012, sentencing order. At a September 17, 2019, hearing, following testimony by petitioner and her trial counsel, the circuit court found that its order denying the amended petition should be amended to direct that petitioner be resentenced to allow her to exercise her right to appeal in the underlying criminal case. By order entered on October 7, 2019, the circuit court stated that it was resentencing petitioner solely for purposes of appeal and was not altering her consecutive sentences of incarceration for first-degree robbery, conspiracy to commit robbery, and malicious assault, which amount to an aggregate term of forty-three to fifty-five years of incarceration.[2]

---

[1]Petitioner filed an appeal from the circuit court's June 25, 2019, order denying the amended habeas petition in Supreme Court Case No. 19-0662. Given the parties' joint motion asking the circuit court to reconsider its denial of the amended habeas petition, petitioner requested that this Court dismiss the appeal in Supreme Court Case No. 19-0662. By order entered on October 2, 2019, this Court dismissed that appeal.

[2]On October 9, 2019, the circuit court entered an amended order granting, in part, and denying, in part, petitioner's amended petition for a writ of habeas corpus and granted her limited (continued . . .)

2

Petitioner now appeals the circuit court's October 7, 2019, resentencing order. This Court "reviews sentencing orders . . . under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands." Syl. Pt. 1, in part, *State v. Lucas*, 201 W. Va. 271, 496 S.E.2d 221 (1997). We have further held that "[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review." Syl. Pt. 4, *State v. Goodnight*, 169 W. Va. 366, 287 S.E.2d 504 (1982).

On appeal, petitioner argues that an aggregate term of forty-three to fifty-five years of incarceration is unconstitutionally disproportionate to the character and degree of her offenses. The State counters that petitioner's consecutive sentences of incarceration for first-degree robbery, conspiracy to commit robbery, and malicious assault should be affirmed. We agree with the State.

Because West Virginia Code § 61-2-12(a) does not set a maximum term for first-degree robbery,[3] proportionality review is available to petitioner pursuant to Article III, Section 5 of the West Virginia Constitution.[4] We have identified two tests to determine whether a sentence is so disproportionate to a crime that it violates the state constitution. *State v. Cooper*, 172 W. Va. 266, 272, 304 S.E.2d 851, 857 (1982). As we explained in *Cooper*,

> . . . The first [test] is subjective and asks whether the sentence for the particular crime shocks the conscience of the court and society. If a sentence is so offensive that it cannot pass a societal and judicial sense of justice, the inquiry need not proceed further. When it cannot be said that a sentence shocks the conscience, a disproportionality challenge is guided by the objective test we spelled out in

_____

relief in the form of a resentencing in the underlying criminal case.

[3]West Virginia Code § 61-2-12(a)(1) provides, in pertinent part, that "[a]ny person who commits . . . robbery by: (1) [c]ommitting violence to the person, including, but not limited to . . . beating . . . is guilty of robbery in the first degree and, upon conviction thereof, shall be imprisoned in a state correctional facility not less than ten years."

[4]In Syllabus Points 3 and 4 of *Wanstreet v. Bordenkircher*, 166 W. Va. 523, 276 S.E.2d 205 (1981), we held:

> "Article III, Section 5 of the West Virginia Constitution, which contains the cruel and unusual punishment counterpart to the Eighth Amendment of the United States Constitution, has an express statement of the proportionality principle: 'Penalties shall be proportioned to the character and degree of the offence.'" Syllabus Point 8, *State v. Vance*, [164] W.Va. [216], 262 S.E.2d 423 (1980).

> While our constitutional proportionality standards theoretically can apply to any criminal sentence, they are basically applicable to those sentences where there is . . . no fixed maximum set by statute . . . .

Syllabus Point 5 of *Wanstreet v. Bordenkircher*, 166 W.Va. 523, 276 S.E.2d 205 (1981):

> In determining whether a given sentence violates the proportionality principle found in Article III, Section 5 of the West Virginia Constitution, consideration is given to the nature of the offense, the legislative purpose behind the punishment, a comparison of the punishment with what would be inflicted in other jurisdictions, and a comparison with other offenses within the same jurisdiction.

172 W. Va. at 272, 304 S.E.2d at 857.

In addition, in *Cooper*, we reasoned that "disparate sentences of co-defendants that are similarly situated may be considered in evaluating whether a sentence is so grossly disproportionate to an offense that it violates our constitution." *Id.* at 271, 304 S.E.2d at 856. Here, petitioner received the same aggregate sentence as her two co-defendants, but argues that she deserves a lesser sentence than her co-defendants because she did not participate in the physical attack against the victim. The State counters that the record belies petitioner's assertion that she did not join her co-defendants in physically attacking the victim after he had been knocked to the floor. Based on our review of the record, we agree with the State. As one of petitioner's co-defendants testified, ". . . [petitioner] hit [the victim] a couple times, but she was really kicking him. Like I remember—all I remember is she was kicking him a lot in the face and stuff like that." Therefore, we find that the circuit court had a sufficient basis to sentence petitioner to the same aggregate sentence as her two co-defendants, as she engaged in the same violent conduct during the robbery.

We now address the subjective test and note that "[i]n making the determination of whether a sentence shocks the conscience, we consider all of the circumstances surrounding the offense." *State v. Adams*, 211 W. Va. 231, 233, 565 S.E.2d 353, 355 (2002). Petitioner argues that her case is similar to the situation in *Cooper* where we reversed a forty-five year sentence for robbery imposed upon a nineteen-year-old homeless man. The State counters that *Cooper* is distinguishable because petitioner in the instant case was thirty-two years old at the time of the crimes and older than her co-defendants. In addition, while the victim in *Cooper* fully recovered from his injuries, *see* 172 W. Va. at 268, 303 S.E.2d at 852, the victim in the instant case suffered permanent injuries. As the record reflects that petitioner brutally attacked the victim, we find that it does not shock the conscience of this Court and society for petitioner to serve an aggregate term of forty-three to fifty-five years of incarceration for her convictions.

With regard to the objective test set forth in Syllabus Point 5 of *Wanstreet*, we have stated:

The first consideration of the objective test is the nature of the offense for which the appellant was convicted and the legislative purpose behind the statutory punishment. As we just noted, the crime for which the appellant was convicted was certainly of a violent nature. In addition, we have previously observed that "[a]ggravated robbery in West Virginia has been recognized as a crime that

4

involves a high potentiality for violence and injury to the victim involved." *State v*[.] *Ross*, 184 W.Va. 579, 582, 402 S.E.2d 248, 251 (1990). As a result, the Legislature has provided circuit courts with broad discretion in sentencing individuals convicted of aggravated robbery or attempted aggravated robbery. In fact, "'[t]he Legislature chose not to deprive trial courts of discretion to determine the appropriate specific number of years of punishment for armed robbery, beyond ten.'" *State v. Woods*, 194 W.Va. 250, 254, 460 S.E.2d 65, 69 (1995) [(]quoting *State ex rel. Faircloth v. Catlett*, 165 W.Va. 179, 181, 267 S.E.2d 736, 737 (1980)[)].

*State v. Williams*, 205 W. Va. 552, 555, 519 S.E.2d 835, 838 (1999). In *Williams*, this Court considered sentences for robbery that were upheld in numerous jurisdictions to find that "[g]iven the offenses involved in the cases cited above, and in light of the respective sentences imposed, we believe that the appellant's sentence in the case *sub judice* is constitutionally proportionate to the character and degree of the offense for which she was convicted." *Id.* at 558, 519 S.E.2d at 841. Applying the principles set forth in *Williams* to the facts of the instant case and petitioner's sentences imposed by the circuit court, we conclude that petitioner's sentence was constitutionally proportionate to the character and degree of the offenses for which she was convicted. Therefore, we find no error in the circuit court's October 7, 2019, resentencing order.

For the foregoing reasons, we affirm the circuit court's October 7, 2019, resentencing order.

Affirmed.

**ISSUED:** March 16, 2021

**CONCURRED IN BY:**

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton