**FILED**
**August 30, 2022**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.) No. 21-0514** (Mason County CC-26-2017-FM-113)

**Daniel R. Plants II,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Daniel R. Plants II, by counsel David B. Richardson, appeals the May 24, 2021, order of the Circuit Court of Mason County denying his motion for reduction of sentence under Rule 35(b) of the West Virginia Rules of Criminal Procedure. The State of West Virginia, by counsel Patrick Morrisey and Lara K. Bissett, filed a response in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying his Rule 35(b) motion.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In September of 2017, petitioner was indicted on twelve counts of use of a minor in filming sexually explicit conduct, seventeen counts of sexual abuse by a custodian, five counts of third-degree sexual abuse, one count of possession of child erotica, and three counts of contributing to the delinquency of a minor. In August of 2020, petitioner entered a guilty plea to four counts of use of a minor in filming sexually explicit conduct.

The circuit court held petitioner's sentencing hearing in January of 2021. At the hearing, the State explained that the offenses that led to the indictment involved a "troubled youth," C.J., "who was left with [petitioner] by his parents."[1] The child was just fifteen years old at the time.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va.

(continued . . .)

The State also introduced into evidence a sexual offender evaluation report, which detailed the incidents of abuse. According to the report, petitioner preyed on the victim on multiple occasions and provided the child drugs and alcohol in furtherance of his crimes. According to the report, upon his arrest, petitioner stated, "There is not any child porn on the computer[;] there is only three videos of us naked . . . . [I]t is not against the law to be free with your body." Petitioner described his contact with the child's genitalia as "skin to skin contact[,] just like shaking hands." Petitioner described the matter as "bullsh*t," insisting that the age of consent is thirteen years old and that the child consented to the acts. The report concluded that petitioner presented

> a relatively low likelihood that [petitioner] will re-offend. Looking at other variables identifies areas of concern. This is an individual with some history of disregarding social rules. . . . [Petitioner's] distortions of the narrative, his assignation of some blame to the victim, his denial of sexual intent or act, and his failure to address the element of providing marijuana and alcohol to the victim all speak to the importance of sex offender treatment.

Petitioner also testified at the sentencing hearing and stated that he understood that "even if his normal habit is to walk around disrobed in his own home, it [i]s not appropriate when you have a juvenile in the home." He maintained that he "never intended to hurt C.J." He described the child as a "very mature young man," but stated that "15 is not 18." The State noted that "[e]ccentricity is not a defense" and "[t]o blame this on the victim, also, is reprehensible." Next, C.J. addressed the court, lamenting that the abuse would stick with him for the rest of his life. He explained that he had nightmares and constantly thought about the abuse. The child further stated that he had not been able to complete high school and that he could not be around men alone.

Following argument, the circuit court imposed terms of incarceration, three of which were ordered to run consecutively to one another, and the fourth ordered to run concurrently with the others. Petitioner did not file a direct appeal from the circuit court's sentencing order.

In April of 2021, petitioner filed a motion for a reduction of sentence pursuant to Rule 35(b) of the West Virginia Rules of Criminal Procedure. In that motion, petitioner requested that his sentences be run concurrently, rather than consecutively. Petitioner also requested that the court allow him to serve probation or home incarceration. Petitioner provided a written statement in support, noting that his father was in poor health and needed his care. Later that month, petitioner filed an amended motion for reconsideration of sentence, reiterating the same claims as in his prior motion.

The next month, the circuit court issued an order denying petitioner's motions. The court found that petitioner had "raised no relevant factors in support of the relief sought that were not already fully considered by the [c]ourt at the time of sentencing. Moreover, the record reflects [petitioner's] current sentence is just and appropriate in light of all the facts and circumstances

---

254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

before the [c]ourt." Petitioner now appeals the circuit court's May 24, 2021, order denying his Rule 35(b) motion.

This Court has established the following standard of review for a circuit court's ruling on Rule 35(b) motions:

> In reviewing the findings of fact and conclusions of law of a circuit court concerning an order on a motion made under Rule 35 of the West Virginia Rules of Criminal Procedure, we apply a three-pronged standard of review. We review the decision on the Rule 35 motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review.

Syl. Pt. 1, *State v. Head*, 198 W. Va. 298, 480 S.E.2d 507 (1996).

On appeal, petitioner argues that the circuit court "abused its discretion by imposing an unduly punitive sentence" by denying him probation and then ordering that his sentences run consecutively, rather than concurrently. Petitioner contends that the court "failed to give appropriate consideration" to his acceptance of responsibility, the non-violent nature of the offenses, his lack of a significant criminal history, and the finding that he was a low risk of recidivating, which made a sentence "to community corrections a reasonable alternative."

At the outset, we note that many of petitioner's claims challenge the validity of his underlying sentence. The issues that may be raised in an appeal from a Rule 35(b) order are limited. "Rule 35(b) of the West Virginia Rules of Criminal Procedure only authorizes a reduction in sentence. Rule 35(b) is not a mechanism by which defendants may challenge their convictions and/or the validity of their sentencing." Syl. Pt. 2, *State v. Marcum*, 238 W. Va. 26, 792 S.E.2d 37 (2016). The *Marcum* Court elaborated,

> it is abundantly clear that Rule 35(b) cannot be used as a vehicle to challenge a conviction or the validity of the sentence imposed by the circuit court, whether raised in the Rule 35(b) motion or in the appeal of the denial of the Rule 35(b) motion. In other words, challenges to convictions or the validity of sentences should be made through a timely, direct criminal appeal before this Court will have jurisdiction to consider the matter. See Syl. Pt. 2, *State ex rel. Davis v. Boles*, 151 W. Va. 221, 151 S.E.2d 110 (1966) ("An appellate court is without jurisdiction to entertain an appeal after the statutory appeal period has expired.").

238 W. Va. at 31, 792 S.E.2d at 42. In arguing that the court abused its discretion in imposing its sentence, petitioner challenges the validity of his sentence and alleges errors beyond the scope of the circuit court's ruling on his Rule 35(b) motion. As such, he is not be entitled to relief on these grounds.

Turning to the substance of petitioner's Rule 35(b) motion, we find that he is entitled to no relief in this regard either. The circuit court found that petitioner failed to raise any issues that were not considered at the time of sentencing. Indeed, petitioner offered essentially no information

relevant to any events that occurred after sentencing to support his plea for leniency—save a reference to his father's health and age. We have previously held that, in considering a defendant's Rule 35(b) motion, "circuit courts generally should consider only those events that occur within the 120-day filing period." *Marcum*, 238 W. Va. at 27, 792 S.E.2d at 38, Syl. Pt. 3, in part; *see also id.* at 32, 792 S.E.2d at 43 ("It is clear from the record that the petitioner failed to cite any event that had occurred post-sentencing that would warrant a reduction in his consecutive sentencing or an award of probation."). Petitioner neither argued nor cited to any portion of the record showing any change in circumstances or remedial efforts made by him following his sentencing in January of 2021. Rather, petitioner essentially asks this Court to find that the circuit court erred in imposing consecutive, rather than concurrent, sentences. However, this is another inappropriate attack on the underlying sentence, not the denial of the Rule 35(b) motion, and is beyond the scope of this appeal. Accordingly, we conclude that the circuit court did not abuse its discretion in denying petitioner's Rule 35(b) motion for a reduction of sentence.

For the foregoing reasons, the circuit court's May 24, 2021, order is hereby affirmed.

Affirmed.

**ISSUED**: August 30, 2022

**CONCURRED IN BY**:

Justice Elizabeth D. Walker
Justice Tim Armstead
Justice C. Haley Bunn

**DISSENTING:**

Chief Justice John A. Hutchison
Justice William R. Wooton

Wooton, Justice, dissenting, joined by Chief Justice Hutchison:

Petitioner Daniel R. Plants II was convicted of violating a statute that prescribes a *determinate* sentence for violation of the statute. Notwithstanding the applicable statutory provision, petitioner was given an *indeterminate* sentence. A long line of West Virginia cases – some of which are quoted below – make clear that such a sentence is an *illegal sentence*. It is inexplicable – and astounding – that the majority would affirm an illegal sentence, rather than simply remand this matter to the circuit court for entry of a corrected sentencing order. Therefore, I respectfully dissent.

More specifically, petitioner pled guilty to four counts of use of a minor in filming sexually explicit conduct in violation of West Virginia Code section 61-8C-2(b)(2020), after which the circuit court sentenced him "to the custody of the Commissioner of the Division of Corrections for confinement in the penitentiary for a period of not more than ten (10) years, therein to be safely

kept and treated in all respects in accordance with the law" for each of the four counts. The court ordered that the sentences on Counts Six, Seven, and Eight be served consecutively to one and another, with the sentence on Count Nine to be served concurrent with the sentence imposed on Count Eight.

The sentences imposed by the circuit court are in clear violation of the express language of West Virginia Code section 61-8C-2(b), which establishes a *determinate* sentence as follows: "upon conviction thereof, [petitioner] shall be fined not more than ten thousand dollars, *or imprisoned in the penitentiary not more than ten years*, or both fined and imprisoned." *Id.* (emphasis added). Simply put, the statute allowed the court to sentence petitioner to a fixed number of years, so long as that number did not exceed ten, on each count. It did not allow the court to impose an effective sentence of 0 – 10 years – which is the only possible construction of a sentence of "not more than ten years" – thus making petitioner eligible for parole before he even enters prison, an outcome that will surely confound prison officials.

The glaring problem here is the circuit court's imposition of an indeterminate sentence when the relevant statute unequivocally provides for a determinate sentence. The Court first addressed this issue in *State ex rel. Nicholson v. Boles*, 148 W. Va. 229, 134 S.E.2d 576 (1964), wherein the Court held that

> [i]n a criminal case a judgment which imposes an indeterminate sentence for an offense for which by statute a sentence for a definite term is prescribed and as to which offense the statute authorizing an indeterminate sentence does not apply, is a void judgment; and in a habeas corpus proceeding a person serving such an indeterminate sentence will be released from confinement under such void judgment.

*Id.* at 230, 134 S.E.2d at 577, Syl. Pt. 5.

Subsequently, in *State ex rel. Faircloth v. Catlett*, 165 W. Va. 179, 267 S.E.2d 736 (1980), the Court examined the robbery statute which at that time contained statutory language similar to the language at issue in section 61-8C-2(b). In that regard, the statute provided that a convicted robber may be confined to the penitentiary for "not less than ten years." 165 W. Va. at 180, 267 S.E.2d at 737. The Court found this type of language meant that the crime "is punishable by a term of not less than ten years, which may be any number of years from ten to life. The Legislature chose not to deprive trial courts of discretion to determine the appropriate specific number of years of punishment for armed robbery, beyond ten." *Id.* at 181, 267 S.E.2d at 737. The Court further stated that "[a]n indeterminate sentence for armed robber is invalid[.]" *Id.* at 181, 267 S.E.2d at 737; *see* Syl. Pt. 5, *State v. Chafin*, 156 W. Va. 264, 192 S.E.2d 728 (1972) ("The sentence for the crime of armed robbery must be for a definite term of not less than ten years and the imposition of an indeterminate sentence of from ten years to life for such crime constitutes error.")

Consequently, the Legislature's use of the specific language "imprisoned in the penitentiary not more than ten years" in regard to the sentence that can be imposed for a conviction of section 61-8C-2(b) necessarily requires the circuit court to impose a specific number of years

up to and including ten, i.e., a determinate sentence. There is no other possible way to read this clear and unambiguous statutory language which would allow a court to impose an indeterminate term of zero to ten years.

The illegal sentence imposed by the circuit court could have been easily corrected by the Court by vacating the sentencing order and remanding the case to the circuit court for imposition of a determinate sentence. The West Virginia Rules of Criminal Procedure make it very clear that illegal sentences may be corrected at any time by courts in this State. *See* W. Va. R. 35 (a) ("[t]he court may correct an illegal sentence at any time."). Moreover, the court has a duty to correct an illegal sentence. *See State v. Hubbard*, No. 11-0690, 2012 WL 2892350 *4 (W. Va. Feb. 13, 2012) (memorandum decision) (noting that "the circuit court was required to correct the original illegal sentence[,]" which failed to impose a period of supervised release as required by West Virginia Code § 62-12-26(a)); *State ex rel. Daye v. McBride*, 222 W. Va. 17, 22, 658 S.E.2d 547, 552 (2007) (concluding that defendant's initial sentence was illegal and that the circuit court had a duty to correct it and apply the mandatory sentencing set forth in the statutes at issue).

Because of the illegality of the sentence imposed, petitioner can and should continue to pursue relief from the illegal sentencing order in this case either by filing a Rule 35(a) motion or by filing a petition for habeas corpus. It would also behoove the State or the circuit court to correct petitioner's sentence.[2]

For the foregoing reasons, I respectfully dissent. I am authorized to state that Chief Justice Hutchison joins in this dissenting opinion.

---

[2] Petitioner actually appealed the denial of his motion filed pursuant to West Virginia Rule of Criminal Procedure Rule 35(b), seeking to have his sentences imposed concurrent to one another rather than consecutively. In regard to this issue, petitioner's argument is without merit as it was within the circuit court's discretion to impose sentences to run consecutively.