# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**EQT PRODUCTION COMPANY,**
**Petitioner Below, Petitioner**

**vs.) No. 22-ICA-305**     (Cir. Ct. Marshall Cnty. No. 22-P-6)

**MATTHEW R. IRBY, STATE TAX COMMISSIONER OF WEST VIRGINIA, THE HONORABLE ERIC BUZZARD, ASSESSOR OF MARSHALL COUNTY, AND THE COUNTY COMMISSION OF MARSHALL COUNTY, SITTING AS A BOARD OF ASSESSMENT APPEALS,**
**Respondents Below, Respondents**

**FILED**
**December 15, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner EQT Production Company ("EQT") appeals the November 15, 2022, "Order Granting Respondents' Motion to Dismiss" from the Circuit Court of Marshall County. Respondents, Matthew R. Irby, as West Virginia State Tax Commissioner, and the Honorable Eric Buzzard, as Assessor of Marshall County, timely filed a response in support of the circuit court's order. The County Commission of Marshall County timely filed a summary response.[1] EQT filed a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds that there is error in the circuit court's decision but no substantial question of law. Therefore, a memorandum decision reversing the circuit court's order is appropriate under the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure.

This case arises from a protest of a property tax appraisal of EQT's twenty-seven producing horizontal natural gas wells in Marshall County by the West Virginia Department of Revenue, State Tax Department, Property Tax Division ("Tax

---

[1] Petitioner is represented by Carte P. Goodwin, Esq., Craig A. Griffith, Esq., and Alex J. Zurbuch, Esq. The West Virginia State Tax Commissioner and the Marshall County Assessor are represented by R. Terrance Rodgers, Esq., and Jonathan Nicol, Esq. The Marshall County Commission is represented by Joseph R. Canestraro, Esq.

1

Department"), and the property tax assessment by the Marshall County Assessor ("Assessor") for the tax year 2021. The Tax Department appraised the wells at $221,378,791 and the Assessor assessed them at 60% of their appraised value for tax year 2021.

On February 18, 2021, EQT submitted an Application for Review of Property Assessment to the Marshall County Clerk, the Assessor, and the Tax Department. EQT appeared with counsel on October 28, 2021, before the Marshall County Commission sitting as a Board of Assessment Appeals ("BAA"). EQT alleged that Chevron USA, Inc., ("Chevron"), from whom EQT had acquired the wells in 2020, had erroneously reported gross receipts from natural gas liquids on its 2021 property tax returns, thereby causing the Tax Department to grossly overvalue the wells. The BAA, by order dated December 21, 2021, upheld the appraisal and assessment and made no adjustment to the Tax Department's valuation of the wells for tax year 2021.

On February 8, 2022, EQT appealed the BAA's decision to the Circuit Court of Marshall County. On June 1, 2022, the Tax Department moved to dismiss EQT's appeal for lack of subject matter jurisdiction, arguing that EQT did not have standing. The BAA filed a similar motion on the same grounds on June 6, 2022.[2] The case was referred to the Business Court Division on August 25, 2022, and the motions to dismiss were granted without oral argument by order dated November 15, 2022.

The basis for the dismissal was that EQT did not have standing because Chevron owned the wells when the 2021 property tax appraisal and assessment were completed, and although EQT apparently contracted with Chevron to pay any property taxes associated with the wells for tax year 2021, EQT could not challenge the taxes assessed to Chevron. Chevron had reported income and prepared the West Virginia Oil and Gas Producer/Operator Returns that included receipts from natural gas liquids that were used to value the subject wells for that tax year. The circuit court found that by challenging the assessment, in effect EQT sought to amend Chevron's 2021 tax returns to remove income attributed to the sale of natural gas liquids. The circuit court concluded that only a taxpayer can challenge the taxes it owes, not a third party, and a third party does not become a party liable to the taxing authorities by virtue of a private contract.

---

[2] The BAA was a party to the litigation at the circuit court appellate level, although the Supreme Court of Appeals of West Virginia has since issued an opinion clarifying that the BAA is a "deliberative body" and is not a necessary party to an assessment appeal. *Berkeley Cnty. Council v. Gov't Props. Income Tr., LLC,* 247 W. Va. 395, 405, 880 S.E.2d 487, 497 (2022).

The circuit court further found that West Virginia Code § 11-3-25 (2014)[3] did not confer standing upon EQT, although EQT argued that it is an "aggrieved party" to the tax assessment pursuant to its contract with Chevron. West Virginia Code § 11-3-25(a) permits, in part, that:

> Any person claiming to be aggrieved by any assessment in any land or personal property book of any county who shall have appeared and contested the valuation as provided in section twenty-four or twenty-four-a of this article. . . may, at any time up to thirty days after the . . . order of the Board of Assessment Appeals is served on the parties, apply for relief to the circuit court of the county in which the property books are made out[.]

The circuit court's order found that EQT is not an "aggrieved party" as contemplated under this statute or as discussed in *Tug Valley Recovery Center, Inc. v. Mingo County Commission*, 164 W. Va. 94, 109, 261 S.E.2d 165, 173 (1979). The circuit court interpreted *Tug Valley* to be a limited holding that only allowed non-property owner county residents to contest the property tax assessment of a large mineral owner that owned undervalued property because it could have resulted in discriminatory treatment to the residents as taxpayers and the loss of governmental services from a diminished tax base. Because the circuit court found that EQT was seeking a reassessment of what it believed was an overpayment of taxes, not an underassessment that could result in an injury to other members of the district, the circuit court found that *Tug Valley* did not establish that EQT was an "aggrieved party." It is from that dismissal order that EQT now appeals.

Our standard of review of a circuit court's order granting a motion to dismiss a complaint is de novo. Syl. Pt. 2, *State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc.*, 194 W. Va. 770, 461 S.E.2d 516 (1995). Judicial review of a circuit court's proceedings under West Virginia Code § 11-3-25 is also de novo. *Musick v. Univ. Park at Evansdale, LLC,* 241 W. Va. 194, 199, 820 S.E.2d 901, 906 (2018).

On appeal, EQT argues that the circuit court erred in determining that EQT is not a "person claiming to be aggrieved" under West Virginia Code § 11-3-25 and therefore did not have standing to challenge the 2021 tax assessment, pointing out that EQT owned the wells during the 2021 tax year, was responsible for the payment of the 2021 property taxes, and paid the 2021 property taxes. Second, EQT argues that the circuit court misread *Tug Valley* in determining that EQT, as the owner and taxpayer for tax year 2021, did not have standing to challenge the 2021 assessment. EQT argues that under both the statute and *Tug Valley*, it has standing to contest the assessment.

---

[3] West Virginia Code § 11-3-25 was repealed as of July 1, 2022, but was effective at the time of the 2021 property tax assessment at issue in this appeal.

The relevant statutory language from West Virginia Code § 11-3-25(a), which permits "any person claiming to be aggrieved" by any property assessment who has appeared to contest that valuation before the BAA to "apply for relief to the circuit court of the county in which the property books are made out" does not contain any statutory definitions for the phrase. It is undisputed, however, that EQT claimed to be aggrieved by the property tax assessment at issue herein, and appeared before the BAA in Marshall County to contest the assessment.

As our Supreme Court has cautioned, "we must remain mindful that the language of a statute is not to be construed in any mystical fashion. In the absence of any specific indication to the contrary, words used in a statute will be given their common, ordinary and accepted meaning." *Tug Valley*, 164 W. Va. at 100, 261 S.E.2d at 169. *See also* Syl. Pt. 2, *Fenton Art Glass Co. v. W. Virginia Off. of Ins. Comm'r*, 222 W. Va. 420, 422, 664 S.E.2d 761, 763 (2008); *State v. Cole*, 160 W. Va. 804, 806, 238 S.E.2d 849, 851 (1977). Our Supreme Court has also explicitly held that, "[t]he word 'any,' when used in a statute, should be construed to mean any." Syl. Pt. 2, *Thomas v. Firestone Tire and Rubber Co.*, 164 W. Va. 763, 266 S.E.2d 905 (1980). Accordingly, the plain language of § 11-3-25(a) appears to permit EQT to "apply for relief to the circuit court" of Marshall County.

This conclusion is also supported by our Supreme Court of Appeals' interpretation of this statutory language in *Tug Valley*. There, it was found that "[t]he question of who has standing to appeal an assessment under this statute boils down to the definition of the term 'any person . . . aggrieved.'" *Tug Valley*, 164 W. Va. at 100, 261 S.E.2d at 169. Importantly, the Supreme Court stated, "[t]his statute does not say that one may appeal an assessment of their own property, but that Any person who is aggrieved by Any assessment shall have the right to appeal that assessment (if they have appeared and contested the valuation before the Board of [Assessment Appeals])." *Id.*, 164 W. Va. at 101, 261 S.E.2d at 170. Although the *Tug Valley* decision goes on to explain the application of the law to the particular facts of that case, the Supreme Court does not explicitly limit its holding to only those aggrieved persons with the same characteristics as the *Tug Valley* plaintiffs.

We find, therefore, that the circuit court below erred in its application of the plain language of West Virginia Code § 11-3-25 and was too narrow in its interpretation of *Tug Valley* when it found an exclusion that prevented EQT, as an aggrieved party that had appeared and contested a property tax valuation before the Marshall County BAA, from exercising its right to appeal in the Circuit Court of Marshall County.

Accordingly, we reverse the November 15, 2022, order of the circuit court and remand for further proceedings consistent with this decision.

Reversed and Remanded.

**ISSUED:** December 15, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen